IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

ISAAC BOWEN,

    Plaintiff,

vs.                                    No. 06-2587-JDB/dkv

STATE OF TENNESSEE,

    Defendant.

ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS
ORDER GRANTING MOTION TO DISMISS
ORDER OF DISMISSAL
ORDER DENYING MOTIONS FOR INJUNCTIVE RELIEF AS MOOT
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
NOTICE OF APPELLATE FILING FEE
AND
ORDER ENJOINING PLAINTIFF FROM FILING FURTHER DOCUMENTS

On September 12, 2006, Plaintiff Isaac Bowen filed a pro se complaint, along with a motion to proceed in forma pauperis. The motion to proceed in forma pauperis is GRANTED. Bowen sues the State of Tennessee, former Department of Human Services Commissioner Natasha Metcalf, City of Memphis Delinquent Tax Attorney Gwen Hewitt, former City of Memphis Delinquent Tax Attorney Larry Scroggs, current Legal Manager for the Shelby County Trustee Carlin Stewart, and former Legal Manager John Zelinka. Bowen alleges that Defendant Metcalf denied his disability benefits for almost three years causing an undue financial hardship for him

and his family.  He further alleges that Defendants Hewitt, Scroggs, Steward, and Zelinka continue to sue him in attempts to collect unpaid, delinquent property taxes despite his contention that he is exempt from property taxes.

On February 12, 2007, Defendants Stuart, Zelinka, and Scroggs filed a motion to dismiss, alleging, in part, that Plaintiff's complaint should be dismissed for insufficiency of service of process.  On February 16, 2007, Plaintiff responded to the motion to dismiss.  The United States Court of Appeals for the Sixth Circuit has issued an administrative order which states:

> Even if a non-prisoner pays the filing fee and/or is represented by counsel, the complaint must be screened under § 1915(e)(2).  The language of § 1915(e)(2) does not differentiate between cases filed by prisoners and cases filed by non-prisoners.  The screening must occur even before process is served or the individual has had an opportunity to amend the complaint.  The moment the complaint is filed, it is subject to review under § 1915(e)(2).  If the complaint falls within the requirements of § 1915(e)(2) when filed, it must be dismissed.

<u>In Re Prison Litigation Reform Act</u>, 105 F.3d 1131, 1134 (6th Cir. 1997)(articulating how district courts should apply the PLRA). This District Court has issued an administrative order establishing a policy for the Clerk to follow in implementing § 1915(e)(2). That policy provides, in part, that it is:

> ORDERED that service not be issued upon the filing of a non-prisoner *pro se* complaint, pending review of the complaint's merit under 28 U.S.C. § 1915(e)(2).  Section 1915(e)(2) provides that whether or not a filing fee is paid, the court shall dismiss a case at any time upon the

>   court's determination that any of the § 1915(e)(2)
>   provisions are met.

Administrative Order No. 98-10. Therefore, screening of <u>pro</u> <u>se</u> complaints must occur before process issues. The delay in issuing process and effecting service in a case subject to screening is not attributable to the Plaintiff. Before the entry of a screening order, the Clerk of this Court was not authorized to issue any process. Accordingly, insufficiency of process is not a defense upon which the Defendants may rely.

Bowen has a lengthy history of filing cases in this district court. In <u>Bowen v. State of Tennessee, et al.</u>, 03-2883-D/P (W.D. Tenn. Feb. 18, 2004), Bowen sued the State of Tennessee, Department of Human Services, Disability Determination Services Section ("DDS"), City of Memphis Tax Assessor and Shelby County Tax Assessor alleging that the denial of disability benefits for three years caused undue hardship for him and his family and that DDS did not follow the "proper laws" and violated his "civil rights." He also alleged that City of Memphis and Shelby County Tax assessors were depriving him of his rights by filing "lawsuite [sic] after lawsuite [sic]" despite his informing them of the undue hardship caused by the denial of his disability claim. Bowen was advised that this Court lacked jurisdiction of such a suit. He did not appeal the dismissal of that lawsuit.

In <u>Bowen v. Metcalf</u>, 04-2206-B/V (W.D. Tenn. Sept. 30, 2004), Bowen sued Defendant Metcalf and was advised that even if the state agency erred in its handling of Plaintiff's claim for disability benefits, Metcalf was not liable to the Plaintiff and this Court lacked jurisdiction over his lawsuit.  In <u>Bowen v. Shelby County</u>, 06-2203-D/V (W.D. Tenn. May 31, 2006), Plaintiff sued Shelby County seeking a stay of state court proceedings for the sale of his property due to delinquent taxes.  The order of dismissal, entered on May 22, 2006, stated, in part:

> The Anti-Injunction Act specifically prohibits this Court from issuing an injunction.  "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283.
>
> Here, the Shelby County Trustee is invoking state court judicial remedies for the recovery of overdue property taxes.
>
>> In procedural due process claims, the deprivation by state action of a constitutionally protected interest in "life, liberty, or property" is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest without due process of law.  <u>Parratt[ v. Taylor</u>, 451 U.S. 527,] 537 [(1981)]; <u>Carey v. Piphus</u>, 435 U.S. 247, 259 (1978)("Procedural due process rules are meant to protect persons not from the deprivation, but from the mistaken or unjustified deprivation of life, liberty, or property").  The constitutional violation actionable under § 1983 is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process.
>
> <u>Zinermon v. Burch</u>, 494 U.S. 113, 125-26 (1990)(footnote and some citations omitted).
>
> Generally, claims for deprivation of property without due process are not actionable under § 1983 if adequate state remedies are available to redress the deprivation.  <u>Id.</u> at 132.  <u>See also</u> <u>Hudson</u>

v. Palmer, 468 U.S. 517 (1984); Parratt v. Taylor, 451 U.S. 527 (1981); Smith v. Rose, 760 F.2d 102, 106 (6th Cir. 1985); Brooks v. Dutton, 751 F.2d 197 (6th Cir. 1985).  Plaintiff has the right to contest and seek judicial review of that proceeding in the state forum.  State law remedies clearly satisfy plaintiff's due process rights.

Furthermore, plaintiff may not attack any pending state court proceedings filed by the Shelby County Trustee in a collateral proceeding in federal court.  This would amount to obtaining review in this Court of the decision of a Tennessee court.  Any claim or defense arising from the manner in which those proceedings are being litigated should be presented in that forum.

> United States district courts . . . do not have jurisdiction[]over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional.  Review of those decisions may be had only in this [the United States Supreme] Court.  28 U.S.C. § 1257.

District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-83, 486 (1983).  See also Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923)(federal district courts lack jurisdiction to review or modify a judgment of a state's highest court).  In short, "[l]ower federal courts possess no power whatever to sit in direct review of state court decisions." Cleveland Surgi-Center v. Jones, 2 F.3d 686, 691 (6th Cir. 1993).  Similarly,

> federal courts have no authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties.  Clark v. Washington, 366 F.2d 678 (9th Cir. 1966); Campbell v. Washington State Bar Ass'n, 263 F. Supp. 991 (W.D. Wash. 1967).

Haggard v. State of Tennessee, 421 F.2d 1384, 1386 (6th Cir. 1970).

Plaintiff's conclusory allegations of constitutional violations are insubstantial and fail to vest this Court with jurisdiction.  Clearly, plaintiff is merely seeking to file an action here regarding matters pending in a Tennessee state court and is seeking a more favorable forum for his cause.  This Court is not that forum.  Thus, this Court either lacks jurisdiction or must abstain from exercising any jurisdiction over plaintiff's claim for relief from the state court proceedings or judgments.

>Furthermore, this case is duplicative of plaintiff's previous case, Bowen v. State of Tennessee, et al., 03-2883-D/P (W.D. Tenn. Feb. 18, 2004), wherein plaintiff sued both the city and county tax assessors and was advised that this court lacked jurisdiction of such a suit. Bowen did not appeal the dismissal of his lawsuit. A completely duplicative complaint lacks an arguable basis either in law or in fact and is, therefore, frivolous. See Denton v. Hernandez, 504 U. S. 25, 31 (1992 ); Neitzke v. Williams, 490 U.S. 319, 325 (1989).
>
>Accordingly, this complaint presents claims that are devoid of jurisdiction and which fail to state a claim upon which relief may be granted. As the complaint is frivolous, devoid of jurisdiction, and fails to state a claim upon which relief may be granted, it is dismissed pursuant to Fed. R. Civ. P. 12(h)(3) and 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

The remaining basis for Defendants' motion to dismiss is that this Court lacks jurisdiction of Plaintiff's claims and that his complaint fails to state a claim upon which relief may be granted. Bowen's claims for hardship from the denial of disability benefits and his attempts to stop the state courts from collecting his delinquent property taxes have been heard and finally concluded in multiple previous state and federal court adjudications. "A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Federated Dept. Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981). To apply the doctrine of res judicata, three elements must be present: (1) judgment on the merits in an earlier action; (2) identity of the parties or their privies in the two suits; and (3) identity of the cause of action or claims between both suits. Blonder-Tongue Laboratories v. Univ. of Ill. Foundation, 402 U.S. 313, 323-24 (1971); Brzostowski v. Laidlaw

6

Waste Sys., Inc., 49 F.3d 337, 338 (7th Cir. 1995); Wade v. Hopper, 993 F.2d 1246, 1252 (7th Cir. 1993). Because of Plaintiff's prior litigation in federal court, federal rules of res judicata determine whether the present suit is barred. Barnett v. Stern, 909 F.2d 973, 977 (7th Cir. 1990); In re Energy Cooperative, Inc., 814 F.2d 1226, 1230 (7th Cir. 1987). Bowen's claims are clearly barred by res judicata, or claim preclusion.

As plaintiff's complaint fails to state a claim and is clearly barred by res judicata, Defendants' motion to dismiss is well-taken and is GRANTED. The entire complaint lacks an arguable basis either in law or in fact and is, therefore, frivolous. See Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989). Accordingly, the complaint is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii) and Fed. R. Civ. P. 12(h)(3). Plaintiff's motions for injunctive relief are DENIED as moot due to the dismissal of his complaint.

The next issue to be addressed is whether Plaintiff should be allowed to appeal this decision in forma pauperis. Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. Id. Accordingly,

it would be inconsistent for a district court to determine that a complaint is too frivolous to be served, yet has sufficient merit to support an appeal in forma pauperis.  See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983).  The same considerations that lead the Court to grant Defendants' motion to dismiss and to dismiss this case as frivolous and devoid of jurisdiction also compel the conclusion that an appeal would be frivolous.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter is not taken in good faith, and Plaintiff may not proceed on appeal in forma pauperis.

The Sixth Circuit Court of Appeals decisions in McGore v. Wrigglesworth, 114 F.3d 601, 612-13 (6th Cir. 1997), and Callihan v. Schneider, 178 F.3d 800 (6th Cir. 1999), apply to any appeal filed in this case.  If Plaintiff files a notice of appeal, he must pay the entire $455 filing fee required by 28 U.S.C. §§ 1913 and 1917,[1] or file a request for leave to appeal in forma pauperis by filing "within thirty days after service of the district court's decision as prescribed by Fed. R. App. P. 24(a)(4), a motion with [the Sixth Circuit] for leave to proceed as a pauper on appeal."

---

[1] The fee for docketing an appeal is $450.  See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913.  Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

> Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the Clerk of the district court, by the appellant or petitioner.

Callihan, 178 F.3d at 803. Under Callihan, if the appellant does not within this thirty-day period either file the required motion or pay the filing fee, the appeal will be dismissed for want of prosecution. If the appeal is dismissed, it will not be reinstated once the fee is paid. Id. at 804.

Finally, it is apparent from Plaintiff's continuing pattern of filing repetitive complaints that he will continue to abuse the federal court's jurisdiction in an attempt to harass the Defendants and the Court. See Filipas v. Lemons, 835 F.2d 1145 (6th Cir. 1987). This Court has the obligation and authority to prevent this type of abuse.

> Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions. If such power did not exist, or if its exercise were somehow dependent upon the actions of another branch of government or upon the entitlement of a private party to injunctive relief, the independence and constitutional role of Article III courts would be endangered.

In re Martin-Trigona, 737 F.2d 1254, 1261 (2d Cir. 1984). See also Winslow v. Romer, 759 F. Supp. 670, 677-78 (D. Colo. 1991); Kersh v. Borden Chemical, Div. of Borden, Inc., 689 F. Supp. 1442, 1452-53 (E.D. Mich. 1988). The Sixth Circuit and other appellate courts have endorsed the enjoining of prolific frivolous filers. See Filipas, 835 F.2d at 1146. See also Day v. Allstate Ins. Co., 788 F.2d 1110 (5th Cir. 1986); Cotner v. Hopkins, 795 F.2d 900 (10th Cir. 1986); Procup v. Strickland, 792 F.2d 1069 (11th Cir. 1986);

Franklin v. Murphy, 745 F.2d 1221, 1232 (9th Cir. 1984); In re Martin-Trigona; In re Green, 215 U.S. App. D.C. 393, 669 F.2d 779 (D.C. Cir. 1981)(per curiam); Green v. Warden, 699 F.2d 364 (7th Cir. 1980); Green v. White, 616 F.2d 1054, 1056 (8th Cir. 1980) (per curiam); Gordon v. Department of Justice, 558 F.2d 618 (1st Cir. 1977); Gambocz v. Yelencsics, 468 F.2d 837 (3d Cir. 1972). The Court must take care not to impose restrictions that would preclude the party from all access to the courts. Safir v. United States Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986); Sires v. Gabriel, 748 F.2d 49, 51 (1st Cir. 1984).

The Court has considered how to prevent Bowen from continuing to abuse the judicial system by continuously attempting to litigate the same or similar frivolous claims, without also completely precluding his access to the courts. See, e.g., Sickle v. Holloway, 791 F.2d 1431, 1437 (10th Cir. 1986)(limited filing restrictions prevent relitigation of frivolous allegations but do not totally preclude access). See also Lyons v. Randall, 834 F.2d 493, 496 (5th Cir. 1987)(sanctions imposed for third filing of frivolous lawsuit and for suing federal judge protected by absolute judicial immunity).

Accordingly, this Court ORDERS that Plaintiff shall file no further documents in this case except a notice of appeal. Bowen shall not file any other case in which he seeks to relitigate matters which in any way arise from this closed or his previous

closed cases.  The Clerk is ORDERED not to file or otherwise accept any document other than a notice of appeal for filing in this action or accept any other documents and filings which attempt to relitigate matters arising from this action or from the hardship caused to Bowen by the denial of disability benefits or from actions to collect his delinquent property taxes.  Any further documents attempting to relitigate matters arising from this case or that prosecution and confinement shall be returned to Bowen.

Furthermore, should Bowen violate this order, the Court will then impose further sanctions against him, including a monetary fine.  Any case submitted by this plaintiff to another court that is thereafter transferred or removed to this district court will result in the same sanctions.

IT IS SO ORDERED this 13th day of June, 2007.

                                            s/ J. DANIEL BREEN
                                            UNITED STATES DISTRICT JUDGE